Manny Starr (319778)
manny@frontierlawcenter.com
Rebecca Harteker (349793)
rebecca@frontierlawcenter.com
eservice@frontierlawcenter.com
**FRONTIER LAW CENTER**
6200 Canoga Ave., Suite 470
Woodland Hills, CA 91367
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff BEATRICE ANGELICA BARRAJAS, individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| BEATRICE ANGELICA BARRAJAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>RSCR CALIFORNIA, INC; and DOES 1 through 100,<br><br>Defendant(s). | Case No. 2:26-cv-02224<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**1. Failure to Provide Compliant Meal Periods**<br>**2. Failure to Provide Compliant Rest Periods**<br>**3. Failure to Pay for All Hours Worked**<br>**4. Failure to Pay All Overtime Owed**<br>**5. Wage Statement Penalties**<br>**6. Waiting Time Penalties**<br>**7. Violation of Unfair Competition Law**<br>**8. Private Attorneys General Act**<br><br>**DEMAND FOR JURY TRIAL** |

## RELEVANT PARTIES

1. Plaintiff Beatrice Angelica Barrajas ("Plaintiff") is an adult resident of San Luis Obispo County, California, and was at all times relevant residing in San Luis Obispo County, California.

2. Defendant RSCR California, Inc ("Defendant") is a Delaware corporation with its principal place of business located in Jefferson County, Kentucky. Defendant is registered to and does conduct business in the State of California and is subject to the laws of the State of California. All acts and omissions of Defendant employees as alleged herein occurred while they were acting within the course and scope of their employment.

3. Plaintiff is unaware of the true names or capacities of the Defendants sued herein as DOES 1 through 100, inclusive ("Doe Defendants"), and therefore sues said Doe Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to insert the true names and capacities of such Doe Defendants when such information has been obtained. Plaintiff is informed and believes, and based on such information and belief alleges, that each of the fictitiously named Doe Defendants has participated in some way in the wrongful acts and omissions alleged below, and is liable to Plaintiff for damages and other relief to which Plaintiff is entitled. Defendant and Doe Defendants are collectively referred to as "Defendants".

## JURISDICTION AND VENUE

4. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this district. Plaintiff was employed by Defendant at Casa De Vida, located at 879 Meinecke Avenue, San Luis Obispo, California, and the wage and hour violations alleged herein occurred during the course of that employment within this district.

## FACTUAL ALLEGATIONS

5. At all times relevant, Plaintiff was Defendants' employee.

6. Plaintiff was employed by Defendants from 2022 through October 2025.

7. Plaintiff worked as a Caregiver for Defendants and was an hourly, non-exempt, W-2 employee paid bi-weekly via direct deposit.

9. Defendants failed to provide Plaintiff with compliant meal breaks because Plaintiff did not always clock out for lunch and missed lunch breaks when the facility was short-staffed or when working 16-hour double shifts. Plaintiff missed lunch breaks approximately 2-3 times per month. Despite not being provided with compliant meal breaks, Defendants did not pay premium pay for these missed breaks at Plaintiff's regular rate of pay.

10. Defendants failed to provide Plaintiff with compliant rest breaks because Plaintiff did not always receive 10-minute rest breaks, especially on weekends when the facility was short-staffed. Plaintiff missed rest breaks approximately 2 times per week. Employees "don't punch" and continue working through their breaks. Despite not being provided with compliant rest breaks, Defendant did not pay premium pay for these missed breaks at Plaintiff's regular rate of pay.

11. Defendants failed to pay Plaintiff for all hours worked, including but not limited to, all hours Plaintiff was subject to the control of Defendant while off-the-clock. Plaintiff was required to work when not clocked in and continued caregiving duties while clocked out for meal breaks but still caring for clients. Plaintiff performed work without punching in or out when the facility was short-staffed.

12. Defendants failed to pay Plaintiff all overtime owed. Plaintiff never received overtime pay consistently. Plaintiff's overtime rates varied inconsistently, sometimes paid at $20, $21, $22, or $23 per hour. Plaintiff worked double shifts of approximately 16 hours approximately twice per week without proper overtime payment. Defendant also failed to account for off-the-clock work in overtime calculations.

13. Defendants failed to correctly calculate Plaintiff's regular rate of pay, and as a result, underpaid Plaintiff's overtime and premium pay. Specifically, Defendant did not include nondiscretionary bonuses and shift differentials, including the $1 per hour night

shift differential, when calculating Plaintiff's regular rate of pay. Plaintiff is still waiting for a referral bonus for referring a co-worker and never received a $100 bonus for picking up shifts.

14. Defendants failed to provide Plaintiff with accurate wage statements because the wage statements issued to Plaintiff did not accurately list total wages owed and hours worked. The wage statements failed to include meal and rest break premiums, off-the-clock hours worked, and correct overtime calculations, among other things.

15. Due to Defendants' failure to pay all wages due to Plaintiff during her employment, it follows that Defendant failed to pay all wages due at the conclusion of Plaintiff's employment as well. Therefore, Defendants are liable to Plaintiff for waiting time penalties.

## CLASS ACTION ALLEGATIONS

16. The class is defined as the following: "All non-exempt employees who worked for Defendants in California from four years prior to filing this case to the date of certification or judgment, whichever is earlier."

17. The Waiting Time Subclass is defined as "all former non-exempt employees of Defendants who have worked in California during the Class Period and who are no longer employed by Defendants."

18. There is a well-defined community of interest in the litigation and the proposed class is ascertainable from Defendants' employment records.

a. Numerosity: The members of the class as defined are so numerous that joinder of all class members is impracticable.

b. Commonality: This action involves common questions of law and fact to the class because the action focuses on Defendants' course of conduct with respect to violating the Labor Code and IWC Wage Orders.

c. Typicality: Plaintiff's claims are typical of the claims of the class. Plaintiff was subjected to the same violations and seeks the same types of damages, restitution, and other relief as those of the members of the class.

d. Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff understands the obligations as a class representative and is willing and able to fulfill them. Plaintiff's counsel is competent and experienced in litigating employment class actions and complex litigation matters like this.

e. Superiority of Class Action: A class action is superior to other available means for the efficient adjudication of this controversy. Class action treatment will allow similarly situated persons to pursue their claims in a manner that is most efficient and economical.

f. Public Policy Considerations: Employees are often afraid to assert their rights out of fear of retaliation; thus, class actions provide the class members with anonymity that allows for vindication of rights while protecting privacy.

19. There are common questions of law and fact including but not limited to:

a. Whether Defendants did not pay all minimum and overtime wages at the correct rates in violation of Labor Code sections 510, 558, 1194, and 1197;

b. Whether Defendants violated Labor Code sections 510 and 1194 for not paying for work off the clock;

c. Whether Defendants violated Labor Code section 512 and the applicable Wage Order by not providing lawful meal and rest breaks;

d. Whether Defendants violated Labor Code section 226.7 by not paying premium pay for missed meal and rest breaks;

e. Whether Defendants violated Labor Code section 226 by providing inaccurate wage statements;

f. Whether Defendants engaged in unfair competition; and

g. The amount of damages, wages, and penalties owed.

///

///

## PAGA ALLEGATIONS

20. Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

21. Pursuant to Labor Code section 2699.3, an aggrieved employee may pursue a civil action under PAGA after the following requirement have been met:

22. The aggrieved employee has provided written notice by online filing to the LWDA and by certified mail to the employer (hereinafter "Employee's Notice") of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations; and

23. The LWDA has provided notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the aggrieved employee's claims. Upon receipt of the LWDA's Notice, or if the LWDA does not provide such Notice within 65 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

24. On January 23, 2026, Plaintiff provided written notice by online filing to the LWDA and by certified mail to Defendants of specific provisions of the Labor Code alleged to have been violated by Defendants, including the facts and theories to support the alleged violations.

25. The 65-day notice period has elapsed, and the LWDA did not provide Plaintiff with written notice that it intends to investigate the alleged violations of the Labor Code. Thus, Plaintiff seeks PAGA Penalties on behalf of all Aggrieved Employees.

26. The Aggrieved Employees are defined as "All nonexempt, hourly employees, current and former, who were employed by Defendants in California within one year prior to January 23, 2026, through final disposition of this action."

**FIRST CAUSE OF ACTION**

**Failure to Provide Compliant Meal Periods**

**By Plaintiff and the Class Against All Defendants**

27. Plaintiff incorporates by reference the paragraphs above.

28. Labor Code section 512 and the Wage Orders provide that "an employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" or "for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes".

29. An employer provides compliant meal breaks to its employees "if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break." (*Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1040 (2012)).

30. Not only must an employer affirmatively relieve its employees of all duty during their meal breaks, it also must not "impede or discourage" its employees from taking compliant meal breaks. (*Brinker*, supra).

31. Defendants failed to provide Plaintiff and the Class Members with compliant meal breaks as alleged herein.

32. For each day that Defendants failed to provide Plaintiff and the Class Members with a compliant meal break, Defendants were required to remit premium pay pursuant to Labor Code section 226.7(c), which is one additional hour of pay at Plaintiff's and the Class Members' regular rate of pay. (*Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021)).

33. Defendants failed to pay premium pay at Plaintiff's and the Class Members' regular rate of pay for each day a meal break was missed.

34. Plaintiff and the Class Members are therefore entitled to recover premium pay for missed meal breaks, interest, penalties, attorney fees, and costs.

**SECOND CAUSE OF ACTION**

**Failure to Provide Compliant Rest Periods**

**By Plaintiff and the Class Against All Defendants**

35. Plaintiff incorporates by reference the paragraphs above.

36. Labor Code section 226.7 and the Wage Orders requires employers to authorize and permit its employees to take rest periods based on the total hours worked daily at the rate of 10 minutes net per four hours or major fraction thereof.

37. Furthermore, "[d]uring rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time." (*Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 269 (2016)).

38. Defendants failed to provide Plaintiff and the Class Members with compliant rest breaks as alleged herein.

39. For each day that Defendants failed to provide Plaintiff and the Class Members with a compliant rest break, Defendants were required to remit premium pay pursuant to Labor Code section 226.7(c), which is one additional hour of pay at Plaintiff's and the Class Members' regular

rate of pay. (*Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021)).

40. Defendants failed to pay premium pay at Plaintiff's and the Class Members' regular rate of pay for each day a rest break was missed.

41. Plaintiff and the Class Members are therefore entitled to recover premium pay for missed rest breaks, interest, penalties, attorney fees, and costs.

**THIRD CAUSE OF ACTION**

**Failure to Pay for All Hours Worked**

**By Plaintiff and the Class Against All Defendants**

42. Plaintiff incorporates by reference the paragraphs above.

///

43. Labor Code sections 558 and 1194 and the Wage Orders require an employer to pay employees minimum wages for all hours worked fewer than eight hours in a day and/or fewer than 40 hours in a workweek.

44. Defendants failed to pay Plaintiff and the Class Members for all hours worked as alleged herein.

45. Plaintiff and the Class Members are therefore entitled to recover all unpaid wages, liquidated damages, interest, penalties, attorney fees, and costs.

**FOURTH CAUSE OF ACTION**

**Failure to Pay All Overtime Owed**

**By Plaintiff and the Class Against All Defendants**

46. Plaintiff incorporates by reference the paragraphs above.

47. Labor Code section 510 provides that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

48. Defendants failed to pay Plaintiff and the Class Members all overtime wages owed as alleged herein.

49. Plaintiff and the Class Members are therefore entitled to recover all unpaid overtime wages, liquidated damages, interest, penalties, attorney fees, and costs.

**FIFTH CAUSE OF ACTION**

**Wage Statement Penalties**

**By Plaintiff and the Class Against All Defendants**

50. Plaintiff incorporates by reference the paragraphs above.

51. Labor Code section 226(a) requires employers to provide itemized wage statements to its employees that identify accurate information regarding their compensation. Defendants, as a matter of policy and practice, failed in its affirmative

obligation to provide accurate itemized wage statements to Plaintiff in violation of Labor Code section 226(a).

52. As alleged herein, the wage statements that Defendants issued to Plaintiff and the Class Members were inaccurate and incomplete.

53. Defendants knowingly and intentionally issued wage statements that were inaccurate and incomplete, and the issuance of inaccurate and incomplete wage statements caused injury to Plaintiff and the Class Members in that Plaintiff and the Class Members were unable to accurately verify and/or calculate their wages.

54. Plaintiff and the Class Members are therefore entitled to the recovery of wage statement penalties, attorney fees, and costs.

**SIXTH CAUSE OF ACTION**

**Waiting Time Penalties**

**By Plaintiff and the Waiting Time Subclass Against All Defendants**

55. Plaintiff incorporates by reference the paragraphs above.

56. Labor Code sections 201 and 202 require that an employer provide an employee with all wages due and payable either: (a) immediately upon termination, or (b) within 3 days of the employee's resignation.

57. Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code sections 201 or 202, then the wages of the employee continue as a penalty from the due date at the same rate until paid or until an action is commenced, not to exceed thirty days.

58. As alleged herein, Defendants willfully did not pay Plaintiff and the Waiting Time Subclass all wages owed at the conclusion of employment.

59. Plaintiff and the Waiting Time Subclass are therefore entitled to the recovery of waiting time penalties, interest, attorney fees, and costs.

///

///

///

**SEVENTH CAUSE OF ACTION**

**Violation of Unfair Competition Law**

**By Plaintiff and the Class Against All Defendants**

60. Plaintiff incorporates by reference the paragraphs above.

61. Defendants' conduct described herein constitutes unfair competition.

62. Specifically, Defendants have gained an unfair advantage over other similarly situated businesses by unlawfully reducing their overhead costs by not paying their employees what they are owed.

63. Pursuant to Business and Professions Code 17203, Plaintiff is entitled to restitution of all wrongfully withheld wages.

64. Plaintiff and the Class Members may recover attorney fees pursuant to Code of Civil Procedure section 1021.5.

**EIGHTH CAUSE OF ACTION**

**Private Attorneys General Act**

**By Plaintiff and the Aggrieved Employees Against All Defendants**

65. Plaintiff incorporates by reference the paragraphs above.

66. PAGA permits Plaintiff and the Aggrieved Employees to recover civil penalties for the violation(s) of the Labor Code.

67. As alleged herein, Defendants' conduct violates numerous sections of the Labor Code.

68. With respect to violations of Labor Code sections 226.7 and 558 for Defendants' failure to provide Plaintiff and the Aggrieved Employees with compliant meal periods or compensation in lieu thereof, the penalties in Labor Code sections 558 and 2699 apply.

69. With respect to violations of Labor Code section 226.7 for Defendants' failure to provide Plaintiff and the Aggrieved Employees with compliant rest periods or compensation in lieu thereof, the penalties in Labor Code section 2699 apply.

///

70. With respect to violations of Labor Code section 1197 for Defendants' failure to compensate Plaintiff and the Aggrieved Employees for all minimum wages earned, the penalties in Labor Code sections 1197.1 and 2699 apply.

71. With respect to violations of Labor Code section 510 for Defendants' failure to compensate Plaintiff and the Aggrieved Employees for all overtime wages earned, the penalties in Labor Code sections 558, 1197.1, and 2699 apply.

72. With respect to violations of Labor Code section 226(a) for failure to provide accurate wage statements to Plaintiff and the Aggrieved Employees, the penalties in Labor Code sections 226.3 and 2699 apply.

73. With respect to violations of Labor Code section 203 for failure to pay all wages due to Plaintiff and the Aggrieved Employees and the conclusion of their employment, the penalties in Labor Code section 2699 apply.

74. Pursuant to Labor Code section 2699(k)(1), Plaintiff further seeks public injunctive relief in the form of an Order enjoining Defendants from continuing to violate the California Labor Code in the manner alleged herein.

75. Additionally, Plaintiff and the Aggrieved Employees are entitled to attorney's fees pursuant to Labor Code section 2699(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendants as follows:

As to Causes of Action One Through Eight

1. Class certification
2. Appointment of Plaintiff as class representative
3. Appointment of Plaintiff's Counsel as class counsel

First & Second Cause of Action

1. Damages and/or penalties pursuant to Labor Code section 226.7
2. Interest
3. Attorneys' fees

4. Costs
5. Other relief the court deems proper

Third Cause of Action

1. Damages and/or penalties pursuant to Labor Code sections 558, 1194, 1197, and 1197.1
2. Liquidated damages
3. Interest
4. Attorneys' fees
5. Costs
6. Other relief the court deems proper

Fourth Cause of Action

1. Damages and/or penalties pursuant to Labor Code sections 510, 558, and 1194
2. Interest
3. Attorneys' fees
4. Costs
5. Other relief the court deems proper

Fifth Cause of Action

1. Penalties pursuant to Labor Code section 226
2. Attorneys' fees
3. Costs
4. Other relief the court deems proper

Sixth Cause of Action

1. Penalties pursuant to Labor Code section 203
2. Attorneys' fees
3. Costs
4. Other relief the court deems proper

Seventh Cause of Action

1. Restitution of all wrongfully withheld wages

2. Attorneys' fees

3. Costs

4. Other relief the court deems proper

Eighth Cause of Action

1. All applicable civil penalties available pursuant to Labor Code section 2698, et seq.

2. Public injunctive relief in the form of an Order enjoining Defendants from continuing to violate the California Labor Code in the manner alleged herein

3. Attorneys' fees

4. Costs

5. Other relief the court deems proper

DATED: May 29, 2026

**FRONTIER LAW CENTER**

*/s/ Rebecca Harteker*
REBECCA HARTEKER
Attorney for Plaintiff
BEATRICE ANGELICA BARRAJAS, individually and on behalf of all others similarly situated

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: May 29, 2026

**FRONTIER LAW CENTER**

*/s/ Rebecca Harteker*
REBECCA HARTEKER
Attorney for Plaintiff
BEATRICE ANGELICA BARRAJAS, individually and on behalf of all others similarly situated